UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
**WILMINGTON SAVINGS FUND SOCIETY,** :
**FSB, D/B/A CHRISTIANA TRUST**, not
individually but as trustee for Pretium Mortgage :
Acquisition Trust,
:
                Plaintiff,
: **MEMORANDUM DECISION**
                                            **AND ORDER**
        – against –  :
                                            18-CV-2084 (AMD) (PK)
:
**ADEYEMI OKUNOLA, DEPARTMENT OF** :
**HOUSING PRESERVATION &**
**DEVELOPMENT, NEW YORK CITY** :
**ENVIRONMENTAL CONTROL BOARD, NEW**
**YORK CITY PARKING VIOLATIONS** :
**BUREAU, 180 HOLDINGS CORP.**,
:
                Defendants.
:
------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

       On December 23, 2019, the plaintiff filed an amended complaint seeking to foreclose a mortgage on the individual defendant's home. (ECF No. 34 ¶ 1.) The plaintiff sued four other entities because each holds an interest or a lien encumbering the property. (*Id.* ¶¶ 5–9.) On March 6, 2020, the plaintiff requested a Certificate of Default against those entity defendants, which the Clerk of the Court issued on March 13, 2020. (ECF Nos. 41, 42.) Before the Court are the plaintiff's motions for summary judgment against the individual defendant under Federal Rule of Procedure 56, default judgment against the entity defendants under Federal Rule of Civil Procedure 55(b)(2), judgment of foreclosure and sale under New York Real Property Actions and Proceedings Law ("RPAPL") § 1351 and the appointment of a receiver pursuant to RPAPL § 1325. For the reasons that follow, the case is dismissed without prejudice for lack of subject matter jurisdiction.

## FACTUAL AND LEGAL BACKGROUND

This case arises from the plaintiff's efforts to foreclose a mortgage under New York law. In 2007, the individual defendant received a $480,000 loan to purchase a home in Far Rockaway, New York. (ECF No. 62 ¶ 2; ECF No. 68 ¶ 2.) He secured the loan with a promissory note and a mortgage; in 2008 and 2013, he signed two loan modification agreements, ultimately increasing the principal balance to $585,402.64. (ECF No. 62 ¶¶ 2, 3, 4; ECF No. 68 ¶¶ 2, 3, 4.) The plaintiff acquired the mortgage on July 11, 2017. (ECF No. 63-2 at 56–57.)

The plaintiff contends that the defendant defaulted on the mortgage when he missed a payment on April 1, 2014. (ECF No. 62 ¶ 7.) The plaintiff further claims that it mailed a 90-day notice of default to the plaintiff on July 31, 2017, as required by RPAPL § 1304, but the defendant failed to cure the default. (*Id.* ¶ 8.) The defendant appears to agree that he missed the April 1, 2014 payment but asserts that he never received the 90-day notice and that the plaintiff "rejected" his payments after April 1, 2014. (ECF No. 68 ¶¶ 7, 10, 12–16, 18.) As of March 4, 2022, the current unpaid principal balance is $450,068.85; the total the defendant owes—together with accrued interest and late charges—is $650,771.92. (ECF No. 63-11 at 1–2.)

The plaintiff seeks a judgment of foreclosure and sale against the individual defendant and a judgment of default against the entity defendants that hold liens against the property. Before a court can issue those judgments, however, it must "determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[1] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). Subject matter jurisdiction exists when a plaintiff presents a federal question, or when the plaintiff and defendant have complete diversity of citizenship and the amount in controversy

---

[1] The individual defendant does not raise any subject matter jurisdiction concerns.

exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. Complete diversity means that "all plaintiffs [are] citizens of states diverse from those of all defendants." *Pa. Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 118 (2d Cir.), *as amended* (Nov. 12, 2014). The plaintiff has the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016).

## DISCUSSION

Because the plaintiff seeks foreclosure under New York law, he must establish diversity jurisdiction to proceed in this Court. The amount in controversy plainly exceeds $75,000, so the only question before the Court is whether there is complete diversity between the plaintiff and each of the defendants. The plaintiff argues that there is, because the plaintiff is a federally chartered savings bank with a home office in Wilmington, Delaware, and all the defendants are domiciled in New York. *See U.S. Bank Tr., N.A., as Tr. for LSF9 Master Participation Tr. v. Adhami*, No. 18-CV-530, 2019 WL 486086, at *3 (E.D.N.Y. Feb. 6, 2019) (a national bank is a citizen "of the state in which its main office is located"). The plaintiff, however, is suing in its capacity as a trustee of the Pretium Mortgage Acquisition Trust, which owns the mortgage. Accordingly, the threshold issue is which citizenship controls: the citizenship of the trustee or of the trust's beneficiaries. Citing state and district court holdings, the plaintiff maintains that when a trustee sues "in its own name" rather than "in the name of the trust," "'only the Trustee's citizenship is relevant to [the] diversity analysis.'" (ECF No. 61 at 8–11 (quoting *U.S. Bank, Nat'l Ass'n v. UBS Real Estate Sec. Inc.*, 205 F. Supp. 3d 386, 411 (S.D.N.Y. 2016)).)

However, the plaintiff's analysis misses a critical step. The Supreme Court held in 1980 that a trustee's citizenship controls only if the trustee "possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others," because that authority is what

3

makes the trustee "a real party to the controversy." *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 464 (1980). The Court accordingly examined "a declaration of trust" to ensure that the plaintiffs were "active trustees whose control" was "real and substantial." *Id.* at 464–65. The Court held that they were, because the trust instrument "authorized the trustees to take legal title to trust assets, to invest those assets for the benefit of the shareholders, and to sue and be sued in their capacity as trustees." *Id*. at 464.

Courts in this Circuit continue to employ that methodology. For example, in *Adhami*, the court found subject matter jurisdiction "[b]ased on the . . . Trust Agreement," which showed that the trustee "was given the power 'to assign, grant, transfer, pledge, mortgage and/or convey Mortgage Loans and Real Estate Owned Properties and other assets to any party,' and 'to hold, manage and distribute its property and assets and any proceeds (including but not limited to commencing any enforcement proceedings or actions and taking any such further action incidental thereto).'" 2019 WL 486086, at *3 n.4 (cleaned up) (citation omitted). Similarly, the court in *Wilmington Trust* found subject matter jurisdiction only after reviewing "the Pooling Services Agreement"—a type of trust instrument—because the agreement gave the trustee "all the right, title and interest" "without recourse," as well as authority to "manage[] the assets" and "control[] the litigation." *Wilmington Tr., Nat'l Ass'n as Tr. for Benefit of Registered Holders of Benchmark 2018-B5 Mortg. Tr., Com. Mortg. Pass-Through Certificates, Series 2018-B5 v. 115 Owner LLC*, No. 20-CV-2157, 2021 WL 5086368, at *1 (S.D.N.Y. Nov. 2, 2021); *see also Catskill Dev., L.L.C. v. Park Place Ent. Corp.*, 547 F.3d 115, 124 (2d Cir. 2008) (affirming the district court's jurisdictional finding because "the express terms of the Trust agreement place full responsibilities and powers over the litigation in the Trustees").

4

On the other hand, courts decline to exercise jurisdiction when the trust agreement indicates that the trustee does not wield "sufficient control over the assets of the trust to be considered the real party in interest." *U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr., Series 2016-CTT v. Desrosiers*, No. 17-CV-7338, 2021 WL 5630899, at *4 (E.D.N.Y. Dec. 1, 2021) (explaining that the trust agreement "empowered" the beneficiary of the trust "to direct" the trustee "'in connection with the execution of documents' and 'enforcement of the rights'").

The takeaway from these cases is that the "proper" jurisdictional analysis "begins by examining the scope of [the trustee's] authority as delineated by the Trust Agreement." *Id.* And courts uniformly dismiss cases for lack of subject matter jurisdiction when they cannot conduct that analysis. *E.g.*, *U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr., Series 2016-CTT v. Desrosiers*, No. 17-CV-7338, 2021 WL 2662042, at *5 (E.D.N.Y. Mar. 31, 2021) (dismissing the case and giving "Plaintiff one final opportunity . . . to draw the Court's attention to specific documentation, *i.e.*, the Trust Agreement or something else, which demonstrates . . . that Plaintiff's control over the trust assets is real and substantial to warrant the application of Plaintiff's main office as the basis for citizenship" (emphasis omitted)); *U.S. Bank Tr., N.A. v. Monroe*, No. 15-CV-1480, 2017 WL 923326, at *5 (N.D.N.Y. Mar. 8, 2017) (dismissing for lack of subject matter jurisdiction and directing the trustee to "provide its articles of association . . . , the trust instrument for the LSF9 Master Participation Trust, and any other documentation required to show that U.S. Bank's control over the trust assets is real and substantial" (footnote omitted)); *U.S. Bank Tr., N.A. v. Dupree*, 15-CV-0558, 2016 WL 5107123, at *2, 4 (N.D.N.Y. Sept. 20, 2016) (same, because even though the trustee "attach[ed] the trust instrument as an exhibit, the text of that instrument was almost entirely redacted").

5

The plaintiff has not submitted a trust agreement or any other document that conveys its authority over the trust's assets and its relationship to the beneficiaries of the trust. Instead, the plaintiff offers an affidavit from an employee of Selene Finance LP, a company that services the plaintiff's loans. That affidavit claims, summarily, that the plaintiff "is empowered to hold, manage, and dispose of assets of the Pretium Mortgage Acquisition Trust and to prosecute legal actions on behalf of the Pretium Mortgage Acquisition Trust, including this residential mortgage foreclosure action." (ECF No. 63-9 at 2 ¶ 3.) The plaintiff does not attach or otherwise cite any documents that prove the assertions in the affidavit. In short, the Court cannot determine from the plaintiff's submissions whether there is jurisdiction.

The plaintiff argues that additional proof is not necessary, and that "mortgage-backed security trust[s]" are necessarily structured in a way that makes the trustee "the proper party to the controversy," because the trusts "'have no power to sue on their own behalves.'" (ECF No. 61 at 11 (quoting *UBS Real Estate*, 205 F. Supp. 3d at 411).) But that is true of all trusts. Unlike a corporation, a trust—at least a traditional one that establishes a "fiduciary relationship"—is "not a thing that c[an] be haled into court." *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016) (internal quotation marks and citation omitted). And it does not answer the question of whether the trustee can sue in its "own right, without regard to the citizenship of the trust beneficiaries." *Navarro*, 446 U.S. at 465–66.

The plaintiff relies on a sentence in *Americold*—that a trustee's "citizenship is all that matters for diversity purposes" when the "trustee files a lawsuit or is sued in her own name." 577 U.S. at 383 (citing *Navarro*, 446 U.S. at 462–66). But the Supreme Court did not undo *Navarro*'s test for traditional trusts in that single-sentence dictum; indeed, the Court invoked *Navarro*. *Id*. Rather, the Court distinguished a traditional trust from a Maryland creation that

"call[ed] itself a trust" but was actually a "separate legal entity" capable of suing in its own right. *Id.* (internal quotation marks and citation omitted). The Court concluded that such an entity must always take on the citizenship of its members. *Id.* at 383–84.

That is how courts in this Circuit interpret *Americold*. *See., e.g.*, *UBS Real Estate*, 205 F. Supp. 3d at 409–11 (reasoning that the "Trusts in this case are not analogous to the investment trust in *Americold*" and analyzing a trust agreement to determine whether the trustee was "the real and substantial party to the controversy"). In fact, each case that the plaintiff cites from this Circuit—whether decided before or after *Americold*—has examined the trust agreement before exercising jurisdiction; the courts in those cases did not automatically conclude that there was jurisdiction simply because the trustee brought the lawsuit in its own name. (*See* ECF No. 61 at 6–9, 11 (citing cases such as *Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 729 (2d Cir. 2017); *Wells Fargo Bank, N.A. v. 390 Park Ave. Assocs, LLC*, No. 16-CV-9112, 2017 WL 2684069, at *3 (S.D.N.Y. June 21, 2017); *Wells Fargo Bank, N.A. v. Ullah*, No. 13-CV-485, 2014 WL 470883, at *3–4 (S.D.N.Y. Feb. 6, 2014)).)

Because the plaintiff does not provide a trust agreement or any other document capable of establishing its authority over the trust, the case is dismissed for lack of subject matter jurisdiction.[2]

---

[2] Counsel appears to have brought "numerous" cases in this Circuit on behalf of trustees seeking to foreclose mortgages, without submitting documents that would establish subject-matter jurisdiction, *Desrosiers*, No. 17-CV-7338, 2021 WL 2662042, at *4 (collecting cases), and has been "strongly caution[ed]" "against continuing to claim federal jurisdiction . . . if it either lacks an arguable basis for doing so or does not wish to invest the effort required to make its case." *Monroe*, 2017 WL 923326, at *5.

## CONCLUSION

For these reasons, the case is dismissed for lack of subject matter jurisdiction. If the plaintiff wishes to proceed in federal court, it must move to amend its complaint to address the deficiencies identified in this order within 30 days. The plaintiff must either (1) provide the trust agreement and any other documentation required to show that its control over the trust assets is real and substantial or (2) allege the citizenship of the beneficiaries of the Pretium Mortgage Acquisition Trust.

**SO ORDERED.**

                                                        s/Ann M. Donnelly
                                                    _____
                                                    ANN M. DONNELLY
                                                  United States District Judge

Dated: Brooklyn, New York
        March 14, 2023